# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. COGLEY, | ) |
| | ) Civil Action No. 18-6 |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Magistrate Judge Robert C. Mitchell |
| JOE DE MORE, Warden, *et al.* | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Presently before the Court is a Petition for Writ of *Habeas Corpus* (ECF No. 1) filed by James A. Cogley ("Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"). In addition, Petitioner has filed a "Petition/Motion for Preliminary Injunction" (ECF No. 3), a motion to appoint counsel (ECF No. 4), and a "Motion to Accept Supplement to Petitioner's First *Habeas Corpus*" (ECF No. 15). For the reasons that follow, all of Petitioner's filings will be denied.

### A. Relevant Factual and Procedural History

On November 2, 2015, Petitioner was arrested and charged at CP-10-CR-002491-2015 (hereinafter referred to as "2491-2015") with possession of a controlled substance, possession of drug paraphernalia, false identification to law enforcement officers, and two related summary offenses. These charges stemmed from an incident that occurred on October 6, 2015. Pursuant to a plea agreement with the Butler County District Attorney's Office, four of the five charges were dismissed, and Petitioner pled guilty to Count 2, possession of drug paraphernalia. On April 15, 2016, he was sentenced to a term of three to 12 months' incarceration, to be served consecutively

1

to any other sentence he was presently serving, of which there were several. Petitioner did not take a direct appeal of this conviction. However, Petitioner requested, and was granted, early parole at 2491-2015 on or about May 13, 2016.

On October 3, 2016, the Butler County Adult Probation Unit filed a request to schedule a parole violation hearing, alleging that Petitioner had violated the terms of his parole at 2491-2015. That hearing was scheduled for November 7, 2016. Petitioner failed to appear and a bench warrant issued. The warrant was returned on December 20, 2016, and on December 30, 2016, following a hearing, the revocation court found Petitioner in violation of his parole. Petitioner's parole was revoked and he was ordered to "serve a period of incarceration in the Butler County Prison of no less than 'time served' [hand written] and no more than '9 months'" [handwritten]. Order, 12/30/2016. That same order also instructed that Petitioner be paroled immediately. Subsequently, Petitioner released from the Butler County Jail.

After his release, from June 10, 2017 through August 3, 2017, Petitioner received six traffic citations for driving while his operating privilege was suspended or revoked in violation of 75 Pa.C.S. § 1543(a), (collectively, "the traffic cases"). One such violation was filed on July 8, 2017 at traffic docket number MJ-50101-TR-01038-2017. Petitioner was found guilty of that offense on August 10, 2017. As a result of this new conviction, and his failure to report to his parole officer and make payments at 2491-2015, on August 14, 2017, the Butler County Adult Probation Unit filed a detainer against Petitioner at 2491-2015. On August 28, 2017, following a hearing, Petitioner was ordered to serve the balance of his sentence at 2491-2015 in the Butler County Jail. Of particular note, the order indicated that Petitioner "shall not receive credit for street time" and instructed the parties to confirm Petitioner's new maximum sentence date with the Butler County Prison. Order, 8/29/2017.

Thereafter, Petitioner filed a number of *pro* se motions with the revocation court. Eventually, counsel was appointed. On September 25, 2017, counsel filed a motion seeking to correct the December 30, 2016 sentencing order. As counsel pointed out in the motion, because Petitioner was on parole and not probation at the time of the 2016 violation, the imposition of a new sentence was in error. See Commonwealth v. Fair, 497 A.2d 643 (Pa. Super. 1985) (holding that "the power of the court after a finding of violation of parole in cases … is to recommit to jail… There is no authority for giving a new sentence with a minimum and maximum.") (citations omitted). The lower court agreed and, on September 27, 2017, Petitioner's motion was granted and the December 20, 2016 sentencing order was corrected to strike the minimum and maximum sentence and impose upon Petitioner the remainder of his backtime, without credit for street time. See Order, 9/26/2017. As a result, the Butler County Prison Records Office recalculated Petitioner's maximum date for release from incarceration as May 4, 2018.

On October 25, 2017, Petitioner filed *pro se* with the Supreme Court of Pennsylvania a "petition for writ of mandamus and/or *habeas corpus*."[1] On October 31, 2017, appointed counsel filed with the revocation court a petition for writ of *habeas corpus*, arguing that Petitioner's maximum incarceration date was miscalculated. On December 18, 2017, the Supreme Court denied Petitioner's *pro se* petition. His counseled petition was denied by the revocation court by order dated December 22, 2017.

Petitioner filed the instant petition for writ of *habeas corpus* with this Court on January 3, 2018. (ECF No. 1). On that same date, Petitioner also filed a motion for preliminary injunction (ECF No. 3) and a motion for appointment of counsel (ECF No. 4). Shortly thereafter, the

---

1 A copy of this petition is not included in the record before this Court; thus, the substance of the *pro se* petition remains unknown.

revocation court granted Petitioner's request for early parole at 2491-2015 and he was released from the Butler County Jail on January 29, 2018.

In the meantime, Petitioner appealed the traffic cases.[2] On February 8, 2018, following a summary appeal trial, at which he did not appear, Petitioner was found guilty of the traffic cases. A bench warrant issued, which was returned served on March 27, 2018. On April 6, 2018, following a commitment hearing, Petitioner was ordered to serve an aggregate term of 270 days' incarceration. Case number 2491-2015 was not included in the aggregate sentence imposed on April 6, nor was it mentioned in the sentencing order for the traffic cases. On March 12, 2018, Petitioner appealed the traffic cases to the Superior Court of Pennsylvania.

On June 4, 2018, Petitioner filed a motion asking this Court "to accept supplement to Petitioner's First *Habeas Corpus*," alleging that his present incarceration on the traffic cases, represents "a continuing concrete injury stemming from" case number 2491-2015, and is in "retaliation for the initial petition." (ECF No. 15, ¶ 7).

### B. Petitioner's Claims

Petitioner raises the following claims in his petition for writ of *habeas corpus*.

> A.  The sentence imposed "on August 28, 2017, pursuant to the alleged county parole violations is unconstitutional, in violation of his Fourth and [Fourteenth] Amendment rights to be free from unreasonable seizure of his person, and any other amendment relating to unlawful detention/ imprisonment" because he "was not lawfully on parole when violated and detained[.]"

---

[2] The traffic cases on summary appeal that are at issue here are docketed at CP-10-SA-0119-2017, CP-10-SA-0120-2017, CP-10-SA-0121-2017, CP-10-SA-0122-2017, CP-10-SA-0153-2017, and CP-10-SA-0159-2017. Although each was appealed individually, the Butler County Courts flagged the six cases as "related" and scheduled the appeal hearings on the same date, presumably for ease of disposition.

B. The sentence imposed "on August 28, 2017, pursuant to alleged parole violations is unconstitutional, in violation of his Fifth and Fourteenth Amendment rights to Due Process and not to be placed 'twice in jeopardy' for the same conviction[.]"

(ECF No. 1 at ¶¶ 19, 20).

In addition, Petitioner requests that this Court "issue a preliminary injunction and order his release from confinement" pending the outcome of his petition (ECF No. 3), and asks for counsel to be appointed. (ECF No. 4). Finally, Petitioner seeks to supplement his petition with documents challenging the sentences and appeal bonds set at the traffic cases, which he claims are a continuation of the sentence imposed at 2491-2015. (ECF No. 15).

C. **Discussion**

a. **Petition for Writ of *Habeas Corpus* (ECF No. 1)**

Respondents ask this court to dismiss the petition as moot on the basis that Petitioner was released from custody at 2491-2015 on or about May 4, 2018 when his sentence for that case number expired. (ECF No 11, pg. 6-7). It is well-settled that

> [a] prisoner may seek federal *habeas* relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a). Moreover, a petition for *habeas corpus* relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477, 110 S.Ct. 1249;

DeFoy v. McCullough, 393 F.3d 439, 441–42 (3d Cir. 2005).

This Court is mindful that, in DeFoy, the Third Circuit found an exception to the mootness doctrine where a petitioner seeking to challenge an expired sentence remains in custody on a sentence imposed consecutively to one already served. Defoy, 393 F.3d at 442. This collateral consequences exception relies upon the Supreme Court's decision in Garlotte v. Fordice, 515 U.S. 39 (1995). In Garlotte, the petitioner sought to attack the first in a series of consecutive sentences, one which had already expired at the time his petition for writ of *habeas corpus* was filed. The Supreme Court found this permissible, holding that Garlotte's consecutive sentences should not be disaggregated, but considered "as composing a continuous stream," particularly because relief on the first (expired) sentence would affect the latter sentences. Garlotte, 515 U.S. at 41. Applying this precedent, the court in DeFoy, found that the "in custody" requirement was satisfied where two different Pennsylvania state courts imposed consecutive sentences of imprisonment at different times, even though the sentence Defoy sought to attack had expired. The court reasoned that, as in Garlotte, the petition was not moot because the "effect of any error as to the former [conviction] was to delay the start of the latter [sentence]." Defoy, 393 F.3d at 442.

Although Petitioner's sentence at 2491-2015 has expired, and while the record indicates that Petitioner may still be serving an aggregate sentence on the traffic cases, there is no indication that collateral consequences of the type discussed in Garlotte or DeFoy exist here such that an exception to the mootness doctrine applies. That is: a favorable outcome on his petition will have no effect on the sentences imposed on the traffic cases, which are presently on appeal to the Pennsylvania Superior Court. Accordingly, as there is no active case or controversy with respect to 2491-2015, the petition will be dismissed as moot.

### b. Petition for Preliminary Injunction (ECF No. 3)

Because Petitioner has been released at 2491-2015, the relief requested in his petition for a preliminary injunction has been obtained, rendering that filing moot.

### c. Motion to Appoint Counsel (ECF No. 4)

In light of the forgoing, Petitioner's request that counsel be appointed is denied.

### d. Motion to Accept Supplement (ECF No. 15)

Petitioner seeks to supplement his original petition with arguments directed at the legality of the sentences imposed on the traffic cases. (ECF No. 15, ¶¶ 7-10). Having found that these cases are unrelated to, and unaffected by, the sentence he originally challenged at 2491-2015, his petition will be denied without prejudice to his right to file a petition for writ of *habeas corpus* as to the traffic cases.

### e. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding *habeas* petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a *habeas* proceeding in which the detention arises out of process issued by a state court unless a certificate of appealability has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Here, the record fails to show a violation of Petitioner's constitutional rights. Accordingly, a certificate of appealability is denied.

D. **Conclusion**

Based on the discussion above, Petitioner's Petition for Writ of *Habeas Corpus* (ECF No. 1) is dismissed as moot, and a certificate of appealability related to that petition is denied. Petitioner's Petition for Preliminary Injunction (ECF No. 3) and his Motion to Appoint Counsel (ECF No. 4) are also denied. Finally, Petitioner's Motion to Accept Supplement (ECF No. 15) is denied without prejudice to his right to file a petition for writ of *habeas corpus* as to his convictions on the traffic cases.

July 6, 2018

/s Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. COGLEY, | ) |
| | ) Civil Action No. 18-6 |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Magistrate Judge Robert C. Mitchell |
| JOE DE MORE, Warden, *et al.* | ) |
| | ) |
| Respondents. | ) |

## **ORDER**

AND NOW, this 6th day of July, 2018 for the reasons set forth above, the petition of James A. Cogley (ECF No. 1) is DISMISSED AS MOOT, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner's Petition for Preliminary Injunction (ECF No. 3) is DISMISSED AS MOOT, Petitioner's Motion to Appoint Counsel (ECF No. 4) is DENIED, and Petitioner's Motion to Accept Supplement (ECF No. 15) is DENIED WITHOUT PREJUDICE to his right to file a petition for writ of *habeas corpus* with respect to the convictions described therein.

/s Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge

Cc: JAMES A. COGLEY
Butler County Prison
202 South Washington Street
Butler, PA 16001